```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF TENNESSEE
                       AT CHATTANOOGA
```

| | |
|---|---|
| KELLY WILLIAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:07-CV-175 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| THE GREATER CHATTANOOGA PUBLIC ) | |
| TELEVISION CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

Plaintiffs Kelly Williams, Robert Williams, and Earlynn Schubert ("Plaintiffs") filed this case against The Greater Chattanooga Public Television Corporation ("Defendant") in the Chancery Court of Hamilton County, Tennessee. Defendant removed the case to this Court (Doc. No. 1). Plaintiff then filed an "Objection to Removal" (Doc. No. 4) and Defendant filed a response supporting removal (Doc. No. 5). For the following reasons, the Court will **GRANT** Plaintiff's "Objection to Removal" (Doc. No. 4) and **REMAND** the case to the Chancery Court of Hamilton County.

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

On June 22, 2007, Plaintiffs filed their complaint (Doc. No. 1, Exhibit A, Complaint ("Compl.")) in the Chancery Court of Hamilton County, Tennessee. The complaint alleges age discrimination by Defendant in violation of Tenn. Code Ann. §§ 4-21-101, *et seq*. (Compl., ¶ 17). However, in a paragraph explaining the basis for the Chancery Court's jurisdiction, the complaint mentions a federal statute, the Age Discrimination in Employment Act ("ADEA"):

> The jurisdiction of this Court is invoked by Plaintiffs pursuant to T.C.A. §4-21-311 to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Commission statutes and the Age Discrimination in Employment Act (ADEA) providing for injunctive and other relief against age discrimination in employment.

(*id.*, ¶ 1). That reference to the ADEA is the complaint's only mention of a federal statute. The rest of the complaint refers only to "Tennessee Human Rights Commission statutes" and claims under Tennessee law (Compl., ¶¶ 2, 7, 17 & pts. VII.d & VII.e).

On July 18, 2007, Defendant removed the case to this Court, claiming there is subject matter jurisdiction based on the existence of a federal question (Doc. No. 1). On July 30, 2007, Plaintiffs filed an "Objection to Removal," seeking to remand the case to state court (Doc. No. 4). As grounds, Plaintiffs state they have not alleged any substantive claims under the ADEA and the ADEA's inclusion in the jurisdictional paragraph was done "inadvertently" (*id.*, p. 1). On August 8, 2007, Defendant filed a response arguing that removal was proper on the grounds that this Court has subject matter jurisdiction because Plaintiff's complaint pleaded the applicability of the ADEA (Doc. No. 5., p. 5).

## II.   STANDARD OF REVIEW

The Court will construe Plaintiffs' "Objection to Removal" as a Motion to Remand pursuant to 28 U.S.C. § 1447(c). That section requires district courts to remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." When a plaintiff challenges the removal of a case, the defendant has the burden of showing removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

A defendant may remove a case from state court to the United States District Court

embracing the location of the state court if the United States District Court has original jurisdiction. 28 U.S.C. § 1441. Defendant contends original jurisdiction here is based on a federal question under 28 U.S.C. § 1331. The scope of removal jurisdiction based on the existence of a federal question under § 1441 is considered to be identical to the scope of federal question jurisdiction under § 1331. *Long*, 201 F.3d at 757 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1987)).

To determine if a federal question exists, federal courts apply the "well-pleaded complaint" rule, in which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 758 (citing *Caterpillar*, 482 U.S. at 392). The Court must look to "the plaintiff's statement of his own claim." *Grable & Sons Metal Prods., Inc.*, 377 F.3d 592, 594 (6th Cir. 2004) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). Federal subject matter jurisdiction may not be sustained based on a claim not advanced in a plaintiff's complaint. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). Thus, when a plaintiff files an action in state court, he can preclude removal by avoiding jurisdiction and relying exclusively on state law claims. *Totherow v. Cent. Transp. Int'l, Inc.*, No. 1:05-CV-126, 2005 WL 4755219, 2005 U.S. Dist. LEXIS 43671 (E.D. Tenn., Oct. 3, 2005). In other words, even if a plaintiff's complaint could be stated under federal law, a plaintiff may avoid federal subject matter jurisdiction by stating his claim only under state law. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).

### III. DISCUSSION

At issue here is whether a single mention of the ADEA in the jurisdictional paragraph of Plaintiffs' complaint creates a federal question such that this Court has subject matter jurisdiction over this case. To determine whether this Court has subject matter jurisdiction, the Court must

review the complaint Plaintiffs filed in state court. The complaint's claims allege discrimination in violation of Tenn. Code Ann. § 4-21-101. Although there may be overlap between the factual bases for a violation of § 4-21-101 and the ADEA, the Plaintiffs have not alleged a claim under the ADEA. In their counts and their prayer for relief, Plaintiffs have chosen to rely exclusively on Tennessee statutes, with no mention of the ADEA or any other federal claim.

Again, the only mention of the ADEA is in Plaintiff's "Jurisdiction" paragraph. That paragraph invokes the jurisdiction of the Chancery Court of Hamilton County pursuant to Tenn. Code Ann. § 4-21-311 "to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Commission statutes and the Age Discrimination in Employment Act (ADEA)" (Compl., ¶ 1). Section 4-21-311 gives specific state courts jurisdiction to hear causes of actions for violation of Human Rights Commission statutes. That section creates no cause of action for violations of federal law like the ADEA. Thus, the inclusion of the ADEA in the jurisdictional paragraph has no purpose, lending credence to Plaintiffs' contention that it was included "inadvertently."

Defendant correctly argues that under the well-pleaded complaint doctrine, "Plaintiffs had the right and opportunity to draft the Complaint in such a way as to rely solely on state law claims, to the exclusion of any available federal law claims" (Doc. No. 5, p. 2). However, Defendant is incorrect in its contention that Plaintiffs relied on a federal claim. The mere mention of a federal statute in a way that does not state a claim by Plaintiffs does not invoke federal subject matter jurisdiction. Accordingly, this Court lacks subject matter jurisdiction and removal was improper.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's "Objection to Removal" (Doc.

No. 4) and **REMAND** the case to the Chancery Court of Hamilton County, Tennessee.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**